# (December 9, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO RODRIGUEZ, Appellant.—Judgment of the Supreme Court, Bronx County, rendered November 30, 1978, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of from four years to life affirmed. Defendant's contention that the court erred in refusing to grant him a hearing on his motion under CPL 210.20 (subd 1, par [h]) to dismiss the indictment upon the ground of selective prosecution is untenable. First, it is observed that defendant pleaded guilty* subsequent to the denial of his motion to dismiss the indictment on the ground stated. A claim of selective prosecution is not a jurisdictional objection. It does not challenge the authority or power of the court to act. As a general rule, a plea of guilty is a waiver of all nonjurisdictional defects (People v Vina, 47 AD2d 895). Further, viewing this claim as one of constitutional dimension (People v Goodman, 31 NY2d 262, 268), we conclude that, unlike an assertion of double jeopardy (Menna v New York, 423 US 61), the claim was waived by the plea (People v Siciliano, 40 NY2d 996; People v Rodriguez, 50 NY2d 553). In any event, there is nothing in the record to indicate that defendant at time of plea made any attempt to preserve a right to appeal from the denial of his motion (cf. People v Siciliano, 52 AD2d 408, concurring opn). Accordingly, defendant is now foreclosed from pressing his claim. A plea of guilty should signal the end of a criminal action, not the beginning (People v Giuliano, 52 AD2d 240). Assuming, arguendo, that the claim is not barred by the plea (a view we do not accept), we find, contrary to defendant's contention, that a hearing pursuant to CPL 210.45 (subd 6) was not mandated. Defendant's affidavit discloses that it rests upon assumption and surmise rather than factual allegations. Thus, the application does not fall within CPL 210.45 (subd 6) but rather is controlled by CPL 210.45

* Defendant was represented by counsel at all stages of the criminal action, including plea and sentence. He pleaded guilty after the court had explained the range of possible sentences and had assured itself the plea was voluntary. Upon sentence, he was offered an opportunity to withdraw his plea because of an error made by the court during the plea allocution as to such sentence. Defendant, however, chose not to do so.

(subd 5, par [b]) which provides that a court may deny such motion without a hearing if the moving papers "do not contain sworn allegations supporting *all the essential facts*" (emphasis added). *People v Marcus* (90 Misc 2d 243), cited by defendant in support of his contention that he is entitled to a hearing on the issue of selective prosecution, does not substantiate his position. That case, just as the one at bar, involved a narcotics charge in which defendant claimed he was prosecuted in the State rather than the Federal court in retaliation for having failed to co-operate with the Federal authorities. The Trial Judge, in *Marcus,* obviated any deficiency in the moving papers by taking judicial notice, "based on [his] own experience" in similar cases, that a defendant must co-operate with the Federal authorities by giving a full statement of defendant's activities and implicating all others involved, failing which defendant would be prosecuted in the State rather than the Federal court *(People v Marcus, supra,* pp 246-247). We do not believe we should go so far as to presume "essential facts" not alleged in the affidavit, in order to entitle defendant to a hearing as a matter of law under CPL 210.45. Defendant's request for reduction of his sentence in the interest of justice has also been considered by us. However, we find no merit to this entreaty. Concur—Murphy, P. J., Kupferman, Birns and Yesawich, JJ.

Lupiano, J., dissents in a memorandum as follows: Defendant moved to dismiss the indictment upon which he was arraigned pursuant to the "dragnet" provision of CPL 210.20 (subd 1), to wit, subdivision (h), which permits such motion on the ground that "There exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged". His motion was denied without a hearing. On his appeal from the judgment of conviction upon his guilty plea of criminal sale of a controlled substance in the third degree, we are confronted with the critical issue of whether he was entitled to a hearing on his claim that he was selectively prosecuted in the State courts because he refused to co-operate with Federal prosecutors following his arrest by Federal agents for the crime prosecuted herein. Defendant's motion to dismiss based on selective enforcement raises a "due process" claim. As such, it partakes of sufficient constitutional dimension to survive defendant's plea of guilty (see *Blackledge v Perry,* 417 US 21; cf. *People v La Ruffa,* 37 NY2d 58; *People v Gilliam,* 65 AD2d 533). Under CPL 210.45 (subd 5), the court may deny the motion without a hearing if (a) the moving papers do not allege a legal basis for the motion pursuant to CPL 210.20, (b) the motion is based upon facts and the moving papers do not contain sworn allegations supporting those essential facts, and (c) an allegation of fact essential to support the motion is conclusively refuted by documentary proof. Study of the record discloses the moving papers on defendant's motion to dismiss did allege a legal basis as required by CPL 210.20, that such papers did contain sworn allegations as to essential facts, and that no essential factual allegation in support of defendant's motion was refuted by documentary proof. Accordingly, pursuant to CPL 210.45 (subd 6), the court was required to conduct a hearing. However, the court determined to deny the motion without a hearing on the announced basis that the State prosecutor "is not bound by any agreement made with the defendant in the Federal District Court unless the District Attorney is a party to such agreement." This finding, which is assumed to be correct,

does not resolve the issue posed by defendant's claim of discriminatory enforcement. Reflection upon the Court of Appeals analysis in *People v Goodman* (31 NY2d 262), the rationale of *People v Utica Daw's Drug Co.* (16 AD2d 12) and the largely perceptive and trenchant observations of Justice Dontzin in *People v Marcus* (90 Misc 2d 243) mandates the conclusion that defendant is entitled, on this record as a matter of law, to a hearing on his motion to dismiss based on discriminatory enforcement. It is undisputed that defendant on January 6, 1976, sold more than one eighth of an ounce of heroin to a *Federal* narcotics agent; that the agent swore out a *Federal* felony complaint on June 14, 1976; that the defendant was arrested by *Federal* agents on May 17, 1977, and was arraigned before a *United States* Magistrate, who set bail at $1,000. Defendant was released on a $1,000 personal recognizance bond. Nevertheless, one week later, defendant was indicted, *not by Federal,* but by New York State authorities for this crime, with the Federal charges being dropped. These circumstances add verisimilitude to the sworn allegations as to essential facts and to the legal basis contained in the moving papers on defendant's motion to dismiss with respect to CPL 210.20. To adopt the majority view that defendant's moving papers urge mere surmise and assumption is to mischaracterize their character and to ignore the undisputed facts alluded to above, which underlie the factual representations made in such moving papers. Without prejudging the merit of defendant's assertions, we note that the issue before us is *solely* whether those assertions in the context of the surrounding facts and circumstances mandate the hearing required by CPL 210.45 (subd 6). No presumption of "essential facts" is required or engaged in. The record which contains the undisputed facts set forth herein, and the assertions by defendant pertaining to selective prosecution, "speaks for itself." Accordingly, this appeal should be held in abeyance pending a hearing on defendant's said motion to dismiss, and such hearing should be directed forthwith.