■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ALFONE, Appellant. [615 NYS2d 110] —Peters, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered July 30, 1993, convicting defendant upon his plea of guilty of the crime of conspiracy in the second degree.

In October 1992, defendant participated in activities which resulted in his arrest for possession and sale of more than two ounces of cocaine. He was subsequently indicted for the crimes of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, conspiracy in the second degree and criminal facilitation in the second degree. Preliminarily, defendant moved, *inter alia,* for discovery, inspection and disclosure, suppression of evidence, dismissal of the indictment and/or pretrial hearings addressing the legality of procedures used by the police agencies.

County Court, *inter alia,* partially granted defendant's motion by ordering a variety of hearings prior to trial, including *Huntley* and *Mapp* hearings, but failed to address those issues concerning the arresting officer's lack of geographical jurisdiction, due process and discovery. Subsequent to the suppression hearing, where sufficient probable cause for the arrest was found, defendant entered a plea of guilty to conspiracy in the second degree and was sentenced as a second felony offender to an indeterminate term of incarceration of 4½ to 9 years. Defendant now appeals.

While defendant has not waived his right to appeal, his guilty plea "generally represents a compromise or bargain struck after negotiation between defendant and the People. As such, it marks the end of a criminal case, not a gateway to further litigation" *(People v Taylor,* 65 NY2d 1, 5). It similarly serves as a forfeiture of nonjurisdictional defects so that only an "extremely limited group of issues * * * may properly be raised on a subsequent appeal" *(People v Gerber,* 182 AD2d

252, 261, *lv denied* 80 NY2d 1026). With these precepts at hand, and no challenge to the validity of the plea, we find that defendant's contentions addressing the arresting officer's lack of geographical jurisdiction or, alternatively, that the evidence resulting therefrom should have been suppressed, were waived by his plea of guilty.

Such plea similarly forecloses appellate review of defendant's contentions regarding County Court's denial of requests for additional discovery, inspection and disclosure *(see, People v Cusani,* 153 AD2d 574). As to defendant's contentions regarding egregious police conduct by its use of an informant who called and harassed him over a six-month period, we find nothing in the record indicating conduct rising to the level of misconduct found in *People v Isaacson* (44 NY2d 511). Accordingly, defendant's plea waives appellate review of this issue as well *(see, People v Persico,* 131 AD2d 603, *lv denied* 70 NY2d 716; *People v Rodriguez,* 79 AD2d 539, *affd* 55 NY2d 776).

Finally, defendant challenges the finding of probable cause contending that it was based upon information supplied by a confidential informant whose reliability was not established. A review of the record reflects that the first-hand knowledge of police officers provided sufficient probable cause for defendant's arrest, rendering any concern regarding the reliability of the confidential informant irrelevant *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108).

As to all other contentions raised, we find them to be without merit.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.