■ The People of the State of New York, Respondent, v David Snyder, Appellant. [659 NYS2d 116] —Casey, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered February 26, 1996, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, attempted sexual abuse in the first degree, sexual abuse in the second degree and sodomy in the second degree.

In March 1994, by amended indictment, defendant was charged with several sex-related crimes stemming from incidents with his two minor children. Although a statement defendant made implicating him in two of the incidents was originally suppressed by County Court, this Court reversed

that order of suppression (221 AD2d 870, *lv denied* 88 NY2d 885). Following a jury trial, which included the reading of the statement into evidence and its admission, defendant was found guilty of sexual abuse in the first degree (count 1), attempted sexual abuse in the first degree (count 2), sexual abuse in the second degree (count 3) and sodomy in the second degree (count 5). Defendant was sentenced to consecutive terms of $2^1/_3$ to 7 years' imprisonment on counts 1 and 5, $1^1/_3$ to 4 years' imprisonment on count 2, and one year in jail on count 3. Defendant appeals.

Defendant argues that trial counsel's failure to request a jury charge as to the voluntariness of his statement constituted ineffective assistance of counsel. Trial counsel's strategy with respect to the confession was to attempt to show that the statement was made involuntarily. She did so by raising a factual dispute concerning the voluntariness of defendant's confession through the cross-examination of prosecution witnesses. Furthermore, an expert was called for the purpose of testifying to defendant's level of intelligence and competence. In these circumstances, we find that defendant would have been entitled to a charge on voluntariness had such a request been made (*see, People v Holder*, 214 AD2d 682, 682-683; *see also, People v Cefaro*, 23 NY2d 283, 288-289).

Although trial counsel erred in failing to request this charge, we find that defendant was provided with effective representation as it cannot be said that this "single * * * error by counsel so seriously compromise[d] * * * defendant's right to a fair trial" (*People v Hobot*, 84 NY2d 1021, 1022). The record establishes that trial counsel engaged in effective cross-examination of prosecution witnesses, including attacking their credibility and pointing out inconsistencies in prior statements; she also secured the dismissal of the fourth count of the indictment and made cogent opening and closing statements. In addition, trial counsel raised the issue of voluntariness for the jury to consider, specifically during her closing argument. As such, we find that defendant was provided with meaningful representation (*see, People v Russo*, 85 NY2d 872, 874; *People v Hobot, supra; People v Flores*, 84 NY2d 184, 187). We finally note that although there was no specific charge regarding the voluntariness of the confession, County Court thoroughly instructed the jury on the People's burden of proof, thereby conveying the necessary information to the jury (*see, People v Smalls*, 185 AD2d 863, 864, *lv denied* 81 NY2d 794; *see also, People v Hayes*, 191 AD2d 368, 369, *lv denied* 82 NY2d 719).

Finally, given the nature of the crimes and in the absence of

extraordinary circumstances, we see no reason to disturb the sentence imposed by County Court (*see, People v Legg*, 209 AD2d 884, *lv denied* 85 NY2d 864; *People v Bombard*, 203 AD2d 711, 713, *lv denied* 84 NY2d 823; *People v Ambrose*, 160 AD2d 1097, 1097-1098, *lv denied* 76 NY2d 784).

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.