■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT BELLAMY, Appellant. [669 NYS2d 353] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered December 18, 1995, convicting him of criminal possession of a weapon in the third degree (two counts), unlawful imprisonment in the first degree, theft of services (two counts), and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his conviction should be reversed because of prosecutorial misconduct is without merit. The prejudice, if any, arising from the prosecutor's reference in the opening statement to evidence that had previously been suppressed, or the prosecutor's elicitation of hearsay testimony, was cured, respectively, by the court's prompt instructions to the jury (see, People v Nathan, 224 AD2d 640; People v Rivera, 142 AD2d 614) and the immediate striking of the testimony (see, People v Thornton, 157 AD2d 758; People v Nagi, 153 AD2d 964).

Further, the defendant failed to meet his burden of demonstrating that the prosecutor engaged in a "pattern of purposeful exclusion sufficient to raise an inference of discrimination" (People v Bolling, 79 NY2d 317, 325; see, People v Morris, 217 AD2d 710; see generally, Batson v Kentucky, 476 US 79; People v Jenkins, 75 NY2d 550).

The imposition of consecutive sentences was proper (see, Penal Law § 70.25 [2]), since the offense of criminal possession

of a weapon is by itself a complete and separate crime regardless of any unlawful use of the weapon (*see, People v Almodovar,* 62 NY2d 126, 130), and is not a material element of the offense of unlawful imprisonment in the first degree (*see,* Penal Law §§ 135.10, 265.02 [1], [4]; *cf., People v Laureano,* 87 NY2d 640, 644).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Pizzuto, Joy and Florio, JJ., concur.