■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH W. MEINER, Appellant. [669 NYS2d 981] —Yesawich Jr., J. Appeal from a judgment of the County Court of Hamilton County (Feldstein, J.), rendered November 17, 1995, upon a verdict convicting defendant of the crime of driving while intoxicated.

In the early morning hours of July 3, 1994, defendant left a bar where he had been drinking with friends and proceeded to drive his pick-up truck east along State Route 28 in the Town of Inlet, Hamilton County. A police officer traveling west on the same road saw defendant's vehicle cross the double yellow line for several seconds, whereupon he and his partner made a U-turn and followed defendant, eventually stopping him in the driveway of his residence. After noticing the odor of alcohol on defendant's breath, the officer conducted a number of field sobriety tests, all of which indicated that defendant was intoxicated. He was arrested at 3:10 A.M., and charged with

driving while intoxicated pursuant to Vehicle and Traffic Law § 1192 (3), a misdemeanor, and failing to keep right (*see*, Vehicle and Traffic Law § 1120 [a]). A breathalyzer test performed at the police station at approximately 3:41 A.M. disclosed that defendant had a blood alcohol level of 0.12%.

On August 18, 1994, the prosecution announced readiness for trial, but defendant requested that a probable cause hearing be held and stipulated that the resulting delay would be charged to him. On November 16, 1994, following the hearing, defendant's motion to dismiss was denied. On March 3, 1995, when the case had not been placed on the calendar and no further action had been taken with respect thereto, defendant again moved for dismissal, this time on the basis that he had not been brought to trial within the statutory time for doing so (*see*, CPL 30.30 [1] [b]). The People then requested an adjournment to present the matter to the Grand Jury, pursuant to CPL 170.20 (2). On March 27, 1995, defendant was charged, in a two-count indictment, with violating Vehicle and Traffic Law § 1192 (2) and (3); four days later he was arraigned and the People filed a notice of trial readiness.

On June 6, 1995, defendant renewed his motion to dismiss on speedy trial grounds, and it was again denied. A jury trial ensued, after which defendant was convicted of violating Vehicle and Traffic Law § 1192 (3) and sentenced to serve one year in jail and pay a fine of $500. Defendant appeals, reasserting his speedy trial argument and challenging the sufficiency of the trial evidence and the appropriateness of the sentence.

We affirm. The People are chargeable with two periods of delay—46 days between July 3, 1994 and August 18, 1994, and 15 days between March 16, 1995 and March 31, 1995, for a total of 61 days. The time between August 18, 1994 and November 16, 1994 is chargeable to defendant, in accordance with his stipulation. Significantly, there is no indication that the prosecution was not actually ready or able to proceed to trial between the issuance of the probable cause decision on November 16, 1994 and the granting of an adjournment, at their request, on March 16, 1995 (*compare*, *People v England*, 84 NY2d 1, 4). Indeed, the initial portion of that period of delay is attributable to the parties' agreement that defendant would be afforded 30 days after the probable cause decision to enable him to file additional motions (*see*, *People v Buong Sai*, 223 AD2d 439, 440), and the rest appears to have resulted from the fact that the matter was not placed on the Justice Court's calendar; neither of these delays is chargeable to the People under these circumstances (*see*, *People v Rivera*, 223 AD2d

476, *lv denied* 88 NY2d 852; *People v Brown*, 195 AD2d 310, *lv denied* 82 NY2d 891; *People v Hughes*, 180 AD2d 908, 909, *lv denied* 80 NY2d 1027).

Nor are we persuaded by defendant's contention that the trial proof was inadequate to support the conviction, or that the verdict was against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The officers' testimony established the requisite elements of the crime of which defendant was convicted (*see, id.*), and the contrary evidence merely presented credibility questions which the jury, not unreasonably, resolved in the People's favor.

And, given defendant's history of prior alcohol-related arrests and his continued failure to recognize the seriousness of these transgressions, it cannot be said that County Court abused its discretion in sentencing defendant as it did (*see, People v Farrell*, 246 AD2d 748, 749).

Cardona, P. J., Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed.