■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ARCHBOLD, Appellant. [684 NYS2d 644] —Peters, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered August 18, 1997, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and criminal possession of a weapon in the third degree.

Defendant's indictment stems from a July 3, 1995 riot at Gouverneur Correctional Facility in St. Lawrence County where he was observed carrying a broken table leg. After offering into evidence a receipt indicating that defendant had received a copy of the Department of Correctional Services Standards of Inmate Behavior, the People proffered at trial the

testimony of Correction Officer Dean Schofield. Schofield witnessed a fight in the yard as he stood in the prison dormitory and the incitement of inmates in his dormitory as a result thereof. Describing the escalation of anger and the proclamation of war by some, he testified that the inmates proceeded to damage property inside of the dormitory with broken mop sticks, broom handles, table legs and chair legs. In addition to defendant, at least nine others were in possession of contraband such as broken chair legs and table legs. While he testified that he saw defendant carrying the broken table leg, Schofield admitted that he did not see defendant break off the table leg or assault anyone with it.

Defendant's attorney chose not to cross-examine Schofield or call any witnesses. Notably, counsel placed a statement on the record, outside the presence of the jury, that he and his client jointly determined this strategy, to which defendant specifically consented on the record. He thereafter moved for a dismissal contending that the People failed to prove, prima facie, that the broken table leg was "contraband", a "dangerous instrument" or "dangerous contraband". He further contended that the People failed to prove that defendant was prohibited from possessing the table leg under these circumstances or had an intent to use it unlawfully. County Court denied the motion after the jury found defendant guilty on both counts. Defendant appeals and we affirm.

In assessing the legal sufficiency of the evidence, viewing it in a light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), we must determine "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). Upon such review, we find that the People presented sufficient evidence for the jury to conclude that the broken table leg in defendant's possession constituted "contraband" as defined in the Standards of Inmate Behavior since it was "altered * * * so as to change its original intent and/or purpose" (Standards of Inmate Behavior Rule 113.11 [7 NYCRR 270.2 (B) (14) (ii)]). As the People additionally showed that defendant carried the table leg during a prison riot, the jury could have reasonably inferred that the table leg constituted a dangerous instrument (*see, People v Carter*, 53 NY2d 113). After viewing the evidence in a neutral light in conducting our weight of the evidence review (*see, People v Bleakley*,

*supra*), we find, according due deference to the jury's assessment of credibility (*see, People v Meiner*, 248 AD2d 806), that no basis exists to disturb the determination rendered.

Concerning the challenge to the quality of assistance rendered by counsel upon the principles enunciated in *People v Baldi* (54 NY2d 137), we are not persuaded that the failure to request a temporary innocent possession of a weapon charge constitutes ineffective assistance of counsel. Finding County Court to have charged the jury on all necessary elements of the crime, including the necessity that the People prove that defendant possessed the broken chair leg "with intent to use the same unlawfully against another" (Penal Law § 265.01 [2]; *see,* Penal Law § 265.02 [1]), the failure to request such charge did not compromise defendant's right to a fair trial (*see, People v Snyder*, 240 AD2d 874, *lv denied* 91 NY2d 881). With the litigation strategy jointly plotted and agreed to on the record, we find, after reviewing all remaining contentions and finding them lacking in merit, that the judgment of County Court must remain undisturbed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.