**68** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALI GUCLA, Appellant. [794 NYS2d 126]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered July 12, 1995, convicting him of robbery in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial,

after a hearing (Quinones, J.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the "public safety" exception to the *Miranda* rule (*see Miranda v Arizona*, 384 US 436 [1966]), applied to the question the police officers posed to him regarding the location of a gun (*see New York v Quarles*, 467 US 649, 655-657 [1984]; *People v Howard*, 162 AD2d 615, 616 [1990]). It was reasonable for the arresting officer to believe that the public safety was at risk, because the officers did not recover a gun either from the defendant's person or the codefendant's person after the complainant described being held up at gunpoint, and because the suspects were apprehended in a residential area at twilight in September (*see People v Melvin*, 188 AD2d 555 [1992]).

Furthermore, it was within the Supreme Court's discretion to impose consecutive sentences (*see People v Day*, 73 NY2d 208, 212 [1989]). Consecutive sentencing is permissible when the defendant's acts are "distinguishable by culpable mental state, nature and manner of use, time, place and victim" (*People v Brown*, 80 NY2d 361, 365 [1992]; *see People v Ramirez*, 89 NY2d 444 [1996]). Here, the defendant's act of possessing a loaded weapon in the car with the intent to rob the complainant was a complete crime and separate and distinct from his participation in the robbery (*see People v Almodovar*, 62 NY2d 126, 130 [1984]; *People v Bellamy*, 247 AD2d 627 [1998]). Under these facts, the imposition of consecutive sentences was proper. Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.