█ The People of the State of New York, Respondent, v Yohady Capellan, Appellant. [833 NYS2d 20]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered May 3, 2001, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and unlawful use of police uniform or emblem in violation of Administrative Code of City of New York § 14-107, and sentencing him to an aggregate term of one year, unanimously affirmed.

The court properly denied defendant's speedy trial motion. Since the original misdemeanor complaint filed against defendant was superseded by a felony indictment, the People were required to be ready for trial within six months (*see People v Cooper*, 90 NY2d 292 [1997]), or in this case 184 days. There is

nothing in *Cooper* to suggest that the timing or circumstances of the People's decision to elevate a misdemeanor charge to a felony has any impact on the time limit. The record reveals that the People were chargeable with 85 days, well within the statutory limit. Defense counsel expressly consented to or requested the adjournments of June 4, July 9, and August 16, 1999. The clear excludability under CPL 30.30 (4) (b) of the periods of delay following those adjournments is dispositive of the statutory speedy trial issue, and we need not reach any other contentions. In any event, we find defendant's remaining arguments concerning those adjournments, as well as other adjournments, to be unavailing.

Defendant's constitutional speedy trial claim is unpreserved (*see People v Jordan*, 62 NY2d 825 [1984]; *People v Mack*, 306 AD2d 115 [2003], *lv denied* 100 NY2d 622 [2003]), and we decline to review it in the interest of justice. Were we to review it, we would reject it (*see People v Taranovich*, 37 NY2d 442, 445 [1975]).

The court properly denied defendant's suppression motion. Although the officer who performed the actual search of defendant's bag did not testify, the testimony of her partner, who was present throughout the incident, fully satisfied the People's burden at the hearing. The police action in searching defendant's bag in an effort to ascertain his identity was reasonable under the circumstances (*see generally People v Wheeler*, 2 NY3d 370, 374 [2004]) where defendant, who had suffered a head injury and did not respond to police queries, was about to be transported to a hospital. The search was also proper as incident to a lawful arrest since a weapon had just been recovered from defendant's person and the bag remained in his grabbable area, and not in the exclusive control of the police (*see People v Smith*, 59 NY2d 454 [1983]; *People v Wylie*, 244 AD2d 247 [1997], *lv denied* 91 NY2d 946 [1998]; *compare People v Gokey*, 60 NY2d 309 [1983]). The record supports the court's finding that, at the time of the search, defendant was still physically capable of reaching for the bag. Concur—Friedman, J.P., Nardelli, Sweeny, McGuire and Malone, JJ.