THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD C. PIQUET, Appellant. [847 NYS2d 799]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered August 18, 2004. The judgment convicted defendant, after a nonjury trial, of driving while intoxicated as a felony (two counts) and four traffic infractions.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment following a nonjury trial convicting him of two counts of driving while intoxicated as a class D felony (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [ii]) and four traffic infractions. County Court properly denied that part of defendant's omnibus motion seeking dismissal of the indictment pursuant to CPL 30.30. The misdemeanor information charging defendant with driving while intoxicated was superseded by a felony indictment, and thus the People were required to be ready for trial within six months of the action's commencement (*see People v Cooper*, 90 NY2d 292, 294 [1997]; *People v Capellan*, 38 AD3d 393 [2007], *lv denied* 9 NY3d 873 [2007]). Contrary to defendant's conten-

tion, the People satisfied their obligation pursuant to CPL 30.30 when they announced their readiness for trial at defendant's arraignment on the misdemeanor charges (*see People v Berry*, 5 AD3d 866, 867-868 [2004], *lv denied* 3 NY3d 637 [2004]; *see also People v Meiner*, 248 AD2d 806, 807 [1998]). Pursuant to CPL 170.20 (2), the People were permitted to present the misdemeanor charges to the grand jury at any time before a plea of guilty was entered or a trial was commenced, and "the timing or circumstances of the People's decision to elevate a misdemeanor charge to a felony [does not have] any impact on the time limit" (*Capellan*, 38 AD3d at 394). Even assuming, arguendo, that the filing of the felony indictment constituted "such a substantial break in the proceeding" that the People were again required to declare their readiness for trial (*People v Cortes*, 80 NY2d 201, 214, *rearg denied* 81 NY2d 1068; *see People v Reed*, 19 AD3d 312, 313-314, *lv denied* 5 NY3d 832), we conclude that the People in fact again declared their readiness for trial at defendant's arraignment on the felony indictment. Contrary to defendant's further contention, the People established that the only postreadiness period of delay chargeable to them was the 26-day adjournment that they requested in anticipation of the grand jury presentation (*see* CPL 170.20 [2]), and that the remaining adjournments were made at defendant's request or were attributable to defense motions (*see Reed*, 19 AD3d at 314; *see also Meiner*, 248 AD2d at 807; *see generally People v Liotta*, 79 NY2d 841, 843 [1992]).

Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Gorski, Lunn, Fahey and Green, JJ.