# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

338

KA 11-02439

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

MIGUEL CRESPO, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered October 3, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). We reject defendant's contention that County Court erred in denying his motion to dismiss the indictment pursuant to CPL 30.30 (1) (a). Defendant was arrested on December 13, 2008, and the People announced their readiness for trial on May 28, 2009, i.e., within the requisite six-month period (*see People v Goss*, 87 NY2d 792, 797; *see also* CPL 30.30 [1] [a]). The period of postreadiness delay between October 1, 2009 and November 24, 2009 is not chargeable to the People because it was the result of the unavailability of the court due to court congestion (*see People v Tirado*, 109 AD3d 688, 690, *lv denied* 22 NY3d 959, *reconsideration denied* 22 NY3d 1091). Defendant's contention with respect to the prereadiness period of delay between May 21, 2009 and May 28, 2009 is raised for the first time on appeal and is thus not preserved for our review (*see* CPL 470.05 [2]; *see also People v Luperon*, 85 NY2d 71, 77-78). In any event, defendant requested an adjournment from May 27, 2009 to May 28, 2009 and the period of time between the indictment and arraignment at issue here is chargeable to the court—not the People—as a matter of law (*see Goss*, 87 NY2d at 798).

We reject the further contention of defendant that the court should have reopened the suppression hearing, as well as his alternative contention that defense counsel was ineffective for

failing to move to do so.  Defendant did not ask to reopen the suppression hearing, and the court was under no obligation to reopen the hearing sua sponte (*see People v Lewis*, 302 AD2d 322, 323, *lv denied* 100 NY2d 540).  In any event, defendant's contention is based upon evidence that was available and could have been discovered with reasonable diligence prior to the hearing (*see* CPL 710.40 [4]; *People v Wynn*, 55 AD3d 1378, 1379, *lv denied* 11 NY3d 901), or evidence that would not have changed the outcome of the hearing (*see People v Lucie*, 49 AD3d 1253, 1254, *lv denied* 10 NY3d 936).  Inasmuch as a motion to reopen the suppression hearing would not have been successful, defendant was not denied effective assistance of counsel when his first attorney did not make such a motion (*see People v Nuffer*, 70 AD3d 1299, 1300).  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Finally, the sentence is not unduly harsh or severe.

Entered:  May 9, 2014                         Frances E. Cafarell
                                              Clerk of the Court