# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1379

KA 12-01598

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL ROSEBORO, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered June 26, 2012. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), robbery in the first degree (two counts) and sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of burglary in the first degree (Penal Law § 140.30 [1], [4]) and two counts of robbery in the first degree (§ 160.15 [2], [4]) arising from his participation in a home invasion robbery. We reject defendant's contention that Supreme Court erred in refusing to suppress physical evidence, his statements to the police, and identification testimony as the fruits of an illegal stop. The record of the suppression hearing supports the court's determination that the police officers' pursuit, stop, and detention of defendant were supported by a reasonable suspicion that defendant had committed a crime (*see People v Martinez*, 80 NY2d 444, 446; *People v Bolden*, 109 AD3d 1170, 1172, *lv denied* 22 NY3d 1039). The officers' questions following the stop, concerning the location of the gun and the presence of sharp objects in defendant's pockets, did not constitute interrogation (*see People v Chestnut*, 51 NY2d 14, 22-23, *cert denied* 449 US 1018), and thus the court properly refused to suppress defendant's responses to those questions. The court also properly refused to suppress defendant's statement to a police officer at the jail, which was spontaneous and not the product of interrogation (*see People v Lynes*, 49 NY2d 286, 294-295). The court also properly determined that the showup, conducted in temporal and geographic proximity to the crime, was reasonable under the circumstances (*see People v Woodard*, 83 AD3d 1440, 1441, *lv denied* 17

NY3d 803; *People v Delarosa*, 28 AD3d 1186, 1186-1187, *lv denied* 7 NY3d 811).  The composition of the photo array was not unduly suggestive, inasmuch as it did not "create a substantial likelihood that . . . defendant would be singled out for identification" (*People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833), nor was the photo array unduly suggestive by reason of the fact that it was viewed by the same witness who identified defendant in the showup (*see People v Brown*, 254 AD2d 781, 782, *lv denied* 92 NY2d 1029).

     We reject defendant's further contention that he was denied due process as a result of the court's rulings.  The court properly denied defendant's challenge for cause to a prospective juror whose parents had been victims of a home invasion robbery, inasmuch as that prospective juror "never expressed any doubt concerning [her] ability to be fair and impartial" (*People v Odum*, 67 AD3d 1465, 1465, *lv denied* 14 NY3d 804, *reconsideration denied* 15 NY3d 755, *cert denied* ___ US ___, 131 S Ct 326).  The court's *Sandoval* ruling did not constitute an abuse of discretion (*see People v Hawkins*, 48 AD3d 1279, 1281, *affd* 11 NY3d 484), nor did the court abuse its discretion in directing the readback of testimony by two court reporters in the format of a role play, with one court reporter reading back questions and the second reading back answers (*see generally People v Smith*, 21 AD3d 1277, 1277-1278, *lv denied* 7 NY3d 763).  That format did not create the risk of conveying to the jury that the court favored either party (*see People v Alcide*, 21 NY3d 687, 695).

     Defendant failed to preserve for review his challenge to the sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Defendant also failed to preserve his contention that he was denied a fair trial by prosecutorial misconduct (*see People v Ross*, 118 AD3d 1413, 1416-1417, *lv denied* 24 NY3d 964), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, the sentence is not unduly harsh or severe.

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court