■ The People of the State of New York, Respondent, v Troy Rose, Appellant. [13 NYS3d 730]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 30, 2012. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We conclude that County Court properly refused to suppress defendant's statement to the arresting officers, which was made

without *Miranda* warnings. The officers' question concerning the location of the gun did not constitute interrogation (*see People v Chestnut*, 51 NY2d 14, 22-23 [1980], *cert denied* 449 US 1018 [1980]; *People v Roseboro*, 124 AD3d 1374, 1375 [2015]) and moreover, the public safety exception to the *Miranda* rule applied to that question (*see People v Gucla*, 18 AD3d 478, 479 [2005], *lv denied* 5 NY3d 789 [2005]).

We further conclude that the court properly refused to suppress the gun seized from defendant's backpack during a search incident to defendant's lawful arrest (*see People v Smith*, 59 NY2d 454, 458-459 [1983]; *People v Johnson*, 86 AD2d 165, 166-167 [1982], *affd* 59 NY2d 1014 [1983]). Here, "the circumstances leading to the arrest support a reasonable belief that the suspect may [have been able to] gain possession of a weapon" (*People v Gokey*, 60 NY2d 309, 311 [1983]; *see People v Capellan*, 38 AD3d 393, 394 [2007], *lv denied* 9 NY3d 873 [2007]; *see generally People v Wylie*, 244 AD2d 247, 250-251 [1997], *lv denied* 91 NY2d 946 [1998]), including defendant's statement that the gun was in his backpack (*see People v Alvarado*, 126 AD3d 803, 804-805 [2015]).

Contrary to defendant's contention, the court properly curtailed his cross-examination of one of the officers at the suppression hearing with respect to a confidential informant. Defendant was arrested pursuant to a warrant, and the existence or reliability of a confidential informant who allegedly provided information concerning defendant's location "had nothing to do with the legality of the [arrest or] search and it was, therefore, irrelevant" (*People v Lourdes*, 175 AD2d 958, 958 [1991]; *see People v Alfone*, 206 AD2d 775, 776 [1994], *lv denied* 84 NY2d 1028 [1995]). Inasmuch as a motion to reopen the suppression hearing would not have been successful, defendant was not denied effective assistance of counsel based upon counsel's failure to make such a motion (*see People v Crespo*, 117 AD3d 1538, 1539 [2014], *lv denied* 23 NY3d 1035 [2014]).

Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Centra, Peradotto, Sconiers and Whalen, JJ.