# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**667**

**KA 12-02260**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

TROY ROSE, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 30, 2012. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We conclude that County Court properly refused to suppress defendant's statement to the arresting officers, which was made without *Miranda* warnings. The officers' question concerning the location of the gun did not constitute interrogation (*see People v Chestnut*, 51 NY2d 14, 22-23, *cert denied* 449 US 1018; *People v Roseboro*, 124 AD3d 1374, 1375) and moreover, the public safety exception to the *Miranda* rule applied to that question (*see People v Gucla*, 18 AD3d 478, 479, *lv denied* 5 NY3d 789).

We further conclude that the court properly refused to suppress the gun seized from defendant's backpack during a search incident to defendant's lawful arrest (*see People v Smith*, 59 NY2d 454, 458-459; *People v Johnson*, 86 AD2d 165, 166-167, *affd* 59 NY2d 1014). Here, "the circumstances leading to the arrest support a reasonable belief that the suspect may [have been able to] gain possession of a weapon" (*People v Gokey*, 60 NY2d 309, 311; *see People v Capellan*, 38 AD3d 393, 394, *lv denied* 9 NY3d 873; *see generally People v Wylie*, 244 AD2d 247, 250-251, *lv denied* 91 NY2d 946), including defendant's statement that the gun was in his backpack (*see People v Alvarado*, 126 AD3d 803, 804-805).

Contrary to defendant's contention, the court properly curtailed

his cross-examination of one of the officers at the suppression hearing with respect to a confidential informant.  Defendant was arrested pursuant to a warrant, and the existence or reliability of a confidential informant who allegedly provided information concerning defendant's location "had nothing to do with the legality of the [arrest or] search and it was, therefore, irrelevant" (*People v Lourdes*, 175 AD2d 958, 958; *see People v Alfone*, 206 AD2d 775, 776, *lv denied* 84 NY2d 1028).  Inasmuch as a motion to reopen the suppression hearing would not have been successful, defendant was not denied effective assistance of counsel based upon counsel's failure to make such a motion (*see People v Crespo*, 117 AD3d 1538, 1539, *lv denied* 23 NY3d 1035).

Finally, the sentence is not unduly harsh or severe.

Entered:  June 19, 2015                    Frances E. Cafarell
                                           Clerk of the Court