Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 30, 2012. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We conclude that County Court properly refused to suppress defendant’s statement to the arresting officers, which was made *1632 without Miranda warnings. The officers’ question concerning the location of the gun did not constitute interrogation (see People v Chestnut, 51 NY2d 14, 22-23 [1980], cert denied 449 US 1018 [1980]; People v Roseboro, 124 AD3d 1374, 1375 [2015]) and moreover, the public safety exception to the Miranda rule applied to that question (see People v Gucla, 18 AD3d 478, 479 [2005], lv denied 5 NY3d 789 [2005]).
We further conclude that the court properly refused to suppress the gun seized from defendant’s backpack during a search incident to defendant’s lawful arrest (see People v Smith, 59 NY2d 454, 458-459 [1983]; People v Johnson, 86 AD2d 165, 166-167 [1982], affd 59 NY2d 1014 [1983]). Here, “the circumstances leading to the arrest support a reasonable belief that the suspect may [have been able to] gain possession of a weapon” (People v Gokey, 60 NY2d 309, 311 [1983]; see People v Capellan, 38 AD3d 393, 394 [2007], lv denied 9 NY3d 873 [2007]; see generally People v Wylie, 244 AD2d 247, 250-251 [1997], lv denied 91 NY2d 946 [1998]), including defendant’s statement that the gun was in his backpack (see People v Alvarado, 126 AD3d 803, 804-805 [2015]).
Contrary to defendant’s contention, the court properly curtailed his cross-examination of one of the officers at the suppression hearing with respect to a confidential informant. Defendant was arrested pursuant to a warrant, and the existence or reliability of a confidential informant who allegedly provided information concerning defendant’s location “had nothing to do with the legality of the [arrest or] search and it was, therefore, irrelevant” (People v Lourdes, 175 AD2d 958, 958 [1991]; see People v Alfone, 206 AD2d 775, 776 [1994], lv denied 84 NY2d 1028 [1995]). Inasmuch as a motion to reopen the suppression hearing would not have been successful, defendant was not denied effective assistance of counsel based upon counsel’s failure to make such a motion (see People v Crespo, 117 AD3d 1538, 1539 [2014], lv denied 23 NY3d 1035 [2014]).
Finally, the sentence is not unduly harsh or severe.
Present — Smith, J.P., Centra, Peradotto, Sconiers and Whalen, JJ.