The People of the State of New York, Respondent,
against
Charles Landrum, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Melissa A. Crane, J.), rendered January 12, 2017, after a nonjury trial, convicting him of unlicensed general vending, and imposing sentence.




Per Curiam.
Judgment of conviction (Melissa A. Crane, J.), rendered January 12, 2017, affirmed.
The accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant engaged in unlicensed general vending (see Administrative Code of City of New York § 20—453). The nonhearsay allegations that, on a specified date, time, and street location, defendant was observed displaying and offering for sale seven "selfie sticks," without a license, provided adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy (see People v Kasse, 22 NY3d 1142 [2014]; People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012]). 
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). The credibility issues raised by defendant were properly placed before the trier of fact and we find no reason on the record before us to disturb the court's determination to credit the arresting officer's testimony rather than defendant's.
Defendant's claim that the court improperly precluded cross examination of the arresting officer about a settled civil lawsuit is unpreserved and we decline to review it in the interest of justice. As an alternative holding, to the extent the existing record permits review, the court providently exercised its discretion in precluding defendant from impeaching the officer regarding facts of a civil lawsuit, because defendant failed to make a showing that cross-examination of the officer regarding the lawsuit would be relevant (see People v Smith, 27 NY3d 652, 662 [2016]; People v McFadden, 162 AD3d 501 [2018], lv denied 32 NY3d 939 [2018]; People v Cepeda, 158 AD3d 468, 469 [2018], lv denied 31 NY3d 1080 [2018]).
Defendant's constitutional speedy trial claim is unpreserved (see People v Jordan, 62 NY2d 825 [1984]; People v Capellan, 38 AD3d 393 [2007], lv denied 9 NY2d 873 [2007]), and we decline to review it in the interest of justice. Were we to review it, we would reject it (see People v Taranovich, 37 NY2d 442, 445 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 27, 2018