People v Warren (2019 NY Slip Op 07813)





People v Warren


2019 NY Slip Op 07813


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

109721

[*1]The People of the State of New York, Respondent,
v
Michael R. Warren, Appellant.

Calendar Date: September 3, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Karen L. Leahy, Cortland, for appellant.
Joseph A. McBride, District Attorney, Norwich (Hannah E.C. Moore, New York State Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered September 7, 2017, convicting defendant upon his guilty plea of the crimes of burglary in the second degree (two counts) and attempted burglary in the second degree (two counts).
Defendant was charged in a four-count indictment with two counts of burglary in the second degree and two counts of attempted burglary in the second degree. He pleaded guilty to the entire indictment and County Court sentenced him to a prison term of eight years, followed by five years of postrelease supervision, for each count of burglary in the second degree and to a prison term of five years, followed by three years of postrelease supervision, for each count of attempted burglary in the second degree, all to run concurrently. Defendant appeals.
We affirm. By pleading guilty, defendant forfeited his right to appellate review of his claim concerning the People's compliance with the notice requirements of CPL 710.30 (see People v Taylor, 65 NY2d 1, 6-7 [1985]; People v Perkins, 140 AD3d 1401, 1403 [2016], lv denied 28 NY3d 1126 [2016]; People v Irvis, 301 AD2d 782, 783 [2003], lv denied 99 NY2d 655 [2003]; People v Jackson, 245 AD2d 964, 964 [1997], lv denied 91 NY2d 926 [1998]), his challenge to County Court's denial of his motion for an adjournment (see generally People v Di Donato, 87 NY2d 992, 993 [1996]; People v Alfone, 206 AD2d 775, 776 [1994], lv denied 84 NY2d 1028 [1995]; People v Welcome, 184 AD2d 916, 916 [1992], lv denied 80 NY2d 935 [1992]), and his challenge to the court's Sandoval ruling (see People v Duggins, 161 AD3d 1445, 1446 [2018], lv denied 32 NY3d 937 [2018]; People v Ingram, 128 AD3d 1404, 1404 [2015], lv denied 25 NY3d 1202 [2015]; People v Nichols, 277 AD2d 715, 718 [2000]). To the extent that defendant is challenging the voluntariness of his plea by claiming that County Court's alleged erroneous rulings coerced him into pleading guilty, defendant failed to preserve this contention because he did not make an appropriate postallocution motion (see People v Putnam, 169 AD3d 1114, 1115 [2019]; People v Lamb, 162 AD3d 1395, 1396 [2018], lv denied 32 NY3d 1112 [2018]), and the narrow exception to the preservation requirement is inapplicable (see People v Pantoja, 172 AD3d 1826, 1827 [2019]; People v Young, 158 AD3d 955, 956 [2018], lv denied 31 NY3d 1090 [2018]).
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.