People v Hatchett (2022 NY Slip Op 04282)

People v Hatchett

2022 NY Slip Op 04282

Decided on July 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 05, 2022

Before: Manzanet-Daniels, J.P., Webber, Singh, Kennedy, JJ. 

Ind. No. 2178/17 Appeal No. 14182 Case No. 2019-1339 

[*1]The People of the State of New York, Respondent,
v
Jermaine Hatchett, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered September 25, 2018, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to an aggregate term of nine years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the third-degree weapon possession conviction and dismissing that count of the indictment, and otherwise affirmed.
This Court held this appeal in abeyance pending a determination, based on the suppression hearing minutes, of issues raised at the hearing but not decided (196 AD3d 431 [1st Dept 2021]). On remand, the hearing court again denied suppression of a cartridge recovered from defendant's pants pocket, correctly finding that "the police were acting in their public service function in rendering aid when searching the defendant's clothing for identification." When police arrived, defendant was lying on the ground and screaming that he had been shot. He appeared to have been shot in the leg, he was drifting in and out of consciousness, and he could not state his name. At that point, the officers were treating defendant as an injured victim rather than a suspect, and were not performing a law enforcement function (see People v De Bour, 40 NY2d 210, 218-219 [1976]). Under the circumstances, it was reasonable for the officers to believe defendant needed immediate assistance and to search his pants for identification as they waited for him to be transported to the hospital (see People v Molnar, 98 NY2d 328, 333 [2002]; People v Mitchell, 39 NY2d 173, 177-178 [1976]; People v Capellan, 38 AD3d 393, 394 [2007], lv denied 9 NY3d 873 [2007]). In performing this public service function, it was reasonable for the police to ascertain the identity of the person they were aiding and to supply that information to medical personnel, and defendant did not appear capable of communicating his identity.
Turning to the issues not addressed on the initial stage of this appeal, we first find that the trial court should have precluded, on the ground of lack of notice of the People's intention to introduce it (see CPL 710.30[1][a]; People v Boughton, 70 NY2d 854, 855 [1987]), evidence of defendant's false statement to the police that someone had shot him. However, any error was harmless in light of the overwhelming evidence establishing defendant's knowing and unlawful possession of the pistol with which he accidentally shot himself (see People v Crimmins, 36 NY2d 230 [1975]). This evidence included a surveillance video and the cartridge found in defendant's pants.
The court providently exercised its discretion in denying defendant's request to reread the charge on temporary innocent possession in response to the jury's note requesting the "elements" of criminal possession of a weapon in the second and third degrees. The court's response was meaningful in light of the jury's [*2]specific request for the elements of the offenses, and the court was not obligated to go beyond that request (see People v Almodovar, 62 NY2d 126, 131-132 [1984]). Moreover, the jury had already requested and received a rereading of the temporary innocent possession charge.
Because defendant's convictions are based on his possession of the same weapon, we vacate the third-degree conviction in the interest of justice (see e.g. People v Riddick, 307 AD2d 821, 822 [1st Dept 2003], lv denied 1 NY3d 541 [2003]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 5, 2022