People v D.B. (2025 NY Slip Op 04148)

People v D.B.

2025 NY Slip Op 04148

Decided on July 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 10, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Ind No. 2042/16|Appeal No. 3938|Case No. 2020-01198|

[*1]The People of the State of New York, Respondent,
v
D.B., Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Alexandra Ricks of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Robert A. Neary, J. at CPL 30.30 motion; Ralph Fabrizio, J. at trial and sentence), rendered January 13, 2020, convicting defendant, after a jury trial, of promoting prostitution in the fourth degree and two counts of criminal obstruction of breathing or blood circulation, and sentencing him to a jail term of 364 days on the promoting prostitution charge to run concurrently with a six-month term on one criminal obstruction charge and consecutively with another six-month term on the other criminal obstruction charge, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.
The 56-day period from October 24 to December 19, 2018 was excludable because defendant, unbeknownst to the People, was detained by Immigration and Customs Enforcement (ICE) (CPL 30.30[4][c][i]). In the post-readiness context, the People are not charged with delay caused by the defendant's absence, and are not required to exercise due diligence to secure his presence if they do not know where he is (see People v Carter, 91 NY2d 795, 799 n [1998]). In addition, the record demonstrates that upon notification by defense counsel, on December 19, 2018, of defendant's ICE detention, the People acted with "reasonable and diligent efforts in obtaining defendant from" federal custody (People v Cain, 291 AD2d 326, 327 [1st Dept 2002], lv denied 98 NY2d 673 [2002]; CPL 30.30 [4][e]). Because this period is dispositive of defendant's speedy trial motion, we need not reach defendant's other contentions (People v Capellan, 38 AD3d 393, 394 [1st Dept 2007], lv denied 9 NY3d 873 [2007]).
Following defendant's request for a new attorney, the court was not required to make further inquiry into defendant's pro se motion to substitute counsel, because "defendant effectively withdrew his request and voluntarily agreed to continue with the same counsel" (People v Scott, 172 AD3d 543, 544 [1st Dept 2019], lv denied 34 NY3d 954 [2019]). The court's comments to defendant advising him that new counsel would need time to become familiar with the case, and that a new jury would have to be selected at a later time, further delaying the proceedings were not coercive, and the court did not deny defendant's request on that basis (cf. People v Bryan, 31 AD3d 295, 295-296 [1st Dept 2006]).
We vacate the sentence and remand the matter for resentencing because the court failed to determine defendant's youthful offender status on the record (see People v Catlett, 196 AD3d 418 [1st Dept 2021]). Because we are remanding for resentencing, we do not reach defendant's claim that the surcharge and fees imposed on defendant at sentencing should be vacated.
The Decision and Order of this Court entered herein on March 20, 2025 is hereby recalled and vacated (see M-1933 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 10, 2025