(March 7, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY GAYLE, Appellant.—Appeal from the judgment of the Supreme Court, Bronx County (Joseph Cerbone, J.), rendered July 19, 1986, convicting defendant on two counts of robbery in the first degree, and sentencing him to two concurrent indeterminate prison terms of 12½ to 25 years, held in abeyance and the matter remanded for a hearing on defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10.

After trial, defendant submitted a motion to vacate his judgment of conviction pursuant to CPL 440.10, alleging, *inter alia,* that the People withheld evidence that an understanding

was reached with witness Elaine Franklin to testify in this case in exchange for the dismissal of an indictment charging her with an unrelated robbery, and that notes of an interview with Ms. Franklin were not turned over to defendant prior to trial. In opposition to defendant's motion, the People merely stated that defendant failed to produce proof substantiating his allegations. The court summarily denied defendant's motion without a hearing.

It is well settled that the People have a duty to disclose an agreement with a witness. *(See, People v Cwikla,* 46 NY2d 434, 441; *People v Savvides,* 1 NY2d 554.) Hence, if an understanding were indeed reached between the People and Ms. Franklin, the People had a clear duty to apprise the defendant of this agreement. *(See, Brady v Maryland,* 373 US 83; *People v Novoa,* 70 NY2d 490, 496.) Moreover, a serious *Rosario* violation is suggested by defendant's allegation that the People failed to provide the defense with notes of interviews held with Ms. Franklin. *(See,* CPL 240.45 [1] [a]; *People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, *rearg denied* 15 NY2d 765.)

Upon review of the record, we conclude that the court below improvidently denied defendant's CPL 440.10 motion without affording him a hearing. Defendant's submission on the motion showed that Elaine Franklin had been arrested and identified as a participant in a robbery. The very fact that the indictment charging Ms. Franklin with that robbery was later dismissed strongly suggests that some arrangement had been made with her. If no arrangement had been made, proof of that fact could readily have been supplied by the People on the motion.

Accordingly, the consolidated appeals are held in abeyance and the matter is remanded for an evidentiary hearing on defendant's motion pursuant to CPL 440.10. Concur—Murphy, P. J., Carro, Milonas and Ellerin, JJ.