(December 4, 1990)

■ The People of the State of New York, Respondent, v Gregory Gayle, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered June 19, 1986, convicting defendant of two counts of robbery in the first degree and sentencing defendant to concurrent terms of 12½ to 25 years, unanimously affirmed. Order of the same court and Justice entered February 4, 1988, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

Defendant was convicted for two separate robberies of fried chicken restaurants in Bronx County on August 7 and August 10, 1985. In the August 7 robbery, three men entered the restaurant, robbed the employees at gunpoint, and then forced the employees into the walk-in refrigerator, fleeing in a stolen vehicle. The August 10 robbery was committed in much the same fashion, although only two men participated.

Six days after the commission of these robberies, defendant's brother Leslie Gayle, Leslie's girlfriend Elaine Franklin, and another person were arrested for the robbery of a Manhattan movie theatre. Among the items recovered from the vehicle in which they were driving was a sales receipt for the car stolen during the August 7 robbery. The discovery of this item led a Bronx detective to interview Ms. Franklin, who stated that defendant admitted the commission of the August 7 robbery. The stolen car itself was recovered in the possession of a friend of the defendant.

At trial, the People's case was supported by the testimony of two eyewitnesses, one from each robbery, who identified defendant; the testimony of Elaine Franklin regarding defendant's admissions; the sales receipt recovered following the unrelated

Manhattan robbery; and testimony of an occupant of the stolen car that the driver was a friend and co-worker of defendant.

After his conviction, defendant moved for a new trial pursuant to CPL 440.10. Defendant contended that Police Officer Richards, who had recovered the sales receipt, had lied, since he had never vouchered that item. Defendant also contended that Elaine Franklin, who was never indicted for the Manhattan robbery, had reached an undisclosed understanding with the People in exchange for her testimony, and further, that he had been denied effective assistance of counsel. The motion was denied, without a hearing.

Permission to appeal the denial of the CPL 440.10 motion was granted, and the appeals were consolidated. Following argument, this court held the appeal in abeyance and remanded the matter to the trial court for a hearing as to whether any *Rosario* or *Brady* violation had occurred. *(People v Gayle,* 148 AD2d 307.)

After extensive testimony, the trial court concluded, and defendant conceded, that no promise or undertaking had been reached between the People and Elaine Franklin, and that accordingly there had been no *Rosario* or *Brady* violation with respect to the testimony of this witness. No argument is now raised with respect to this witness.

At the hearing, the trial court also permitted inquiry into whether a *Rosario* violation occurred with respect to the testimony of Police Officer Richards, who had testified with respect to the recovery of the sales receipt. The court concluded, in a thoughtful and comprehensive decision, that failure to provide defendant with the officer's report which did not mention the sales receipt was not a cognizable *Rosario* violation, since it was tangential to the issues at trial, since defense counsel never raised a *Rosario* claim at trial, and since in any event the alleged *Rosario* violation could not be raised as either newly discovered evidence or error of constitutional dimension under CPL 440.10 (1) (g), (h).

It is unnecessary to determine whether the claimed *Rosario* violation may be raised by motion pursuant to CPL 440.10. *(See generally, People v Howard,* 127 AD2d 109.) The alleged violation was not raised at trial, nor in the moving papers, nor even at the time this appeal was initially argued, but was raised for the first time at the hearing ordered by this court. The claim was not preserved for appellate review on appeal from the final judgment, and we perceive no reason why this

unpreserved argument should be made more cognizable simply because defendant raises it, belatedly, in connection with his appeal from the CPL 440.10 motion *(see generally, People v Donovon,* 107 AD2d 433).

In any event, as the trial court observed, the evidence relating to the sales receipt was certainly only a minor part of the People's case. It is questionable whether the report, which concerned the arrest of persons in an unrelated robbery, and which did not mention the sales receipt, "relates to the subject matter of the witness's testimony". (CPL 240.45 [1] [a].) The error at trial, if any, is not so compelling as to warrant review as a matter of discretion in the interest of justice.

We have considered the remaining arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Milonas, Ellerin and Rubin, JJ.