■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK LUCAS, Also Known as LASHANE CODNER, Appellant. [619 NYS2d 622] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Brill, J.), both rendered December 7, 1990, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 4281/89, upon a jury verdict, and criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree under Indictment No. 12532/90, upon his plea of guilty, and imposing sentences. The appeal brings up for review the denial, without a hearing (Curci, J.), of the defendant's motion pursuant to CPL 30.30 to dismiss Indictment No. 4281/89.

Ordered that the judgment convicting the defendant of criminal sale of a controlled substance in the third degree under Indictment No. 4281/89 is reversed, on the law, the defendant's speedy trial motion is granted, Indictment No. 4281/89 is dismissed, the defendant's plea of guilty under Indictment No. 12532/90 is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

We agree with the defendant that the Supreme Court should have granted his motion to dismiss Indictment No. 4281/89 on speedy trial grounds (see, CPL 30.30). As the People correctly concede, the 46-day period between the dismissal of the first indictment for a violation of the then-existing rule announced in People v Cade (140 AD2d 99, revd 74 NY2d 410), and the date that the second indictment was filed, is chargeable to the prosecution and should not have been excluded by the court (see, People v Cortes, 80 NY2d 201). Had the court not excluded these 46 days, the total number of

days chargeable to the People would have been 227 days, which is in excess of the 182-day limitation imposed by CPL 30.30.

On appeal, the People argue for the first time that the Supreme Court improperly charged them with the 20-day period from January 27, 1989 to February 16, 1989, and the 36-day period from September 27, 1989 to November 2, 1989, although in opposition to the defendant's CPL 30.30 motion they acknowledged that these time periods were chargeable to them. Thus, these arguments are not properly before this Court *(see, People v Bryant,* 153 AD2d 636).

The defendant's plea of guilty on Indictment No. 12532/90 must be vacated since it was induced by an agreement that the sentence would be concurrent with the sentence imposed for the conviction under Indictment No. 4281/89, which we now reverse *(see, People v Fuggazzatto,* 62 NY2d 862; *People v Clark,* 45 NY2d 432, 440). O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.