■ The People of the State of New York, Respondent, v Sean Robbins, Also Known as Stephen Reid, Appellant. [637 NYS2d 208] —Appeal by the defendant from four judgments of the Supreme Court, Queens County (Browne, J.), all rendered January 29, 1990, convicting him of criminal sale of a controlled substance in the first degree under Indictment No.

10065/88, after a nonjury trial, criminal possession of a controlled substance in the third degree (two counts—one each under Indictment Nos. 10658/89 and 11169/89), upon his pleas of guilty, and attempted murder in the second degree under Indictment No. 3139/89, upon his plea of guilty, and imposing sentences. By a decision and order of this Court dated August 29, 1994, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Queens County, to hear and report on the defendant's speedy trial motion under Indictment No. 10065/88 (see, People v Robbins, 207 AD2d 565). The Supreme Court, Queens County, has conducted a hearing and filed its report with this Court.

Ordered that the judgment under Indictment No. 10065/88 is reversed, on the law, the defendant's speedy trial motion is granted, Indictment No. 10065/88 is dismissed, the defendant's pleas of guilty under Indictment Nos. 10658/89, 11169/89, and 3139/89 are vacated, and the matter is remitted to the. Supreme Court, Queens County, for the purpose of entering an order, in its discretion, pursuant to CPL 160.50 and for further proceedings on Indictment Nos. 10658/89, 11169/89, and 3139/89.

The appeal was held in abeyance and the matter was remitted to the Supreme Court, Queens County, for a hearing on the defendant's speedy trial motion under Indictment No. 10065/88. Following the hearing, the Supreme Court determined that the defendant's statutory right to a speedy trial had been violated. We agree and, accordingly, dismiss Indictment No. 10065/88.

The defendant's speedy trial motion involves the period from his arraignment in Criminal Court in December 1987 to the commencement of his trial in November 1989. On appeal, the People contest the Supreme Court's determination to charge them with the delays occasioned by five adjournments. The People concede that, if the Supreme Court's determination with respect to these five adjournments is correct, the delays chargeable to them exceed the statutory six-month period within which they must be ready for trial (see, CPL 30.30 [1] [a]).

The defendant was indicted with three codefendants. Although the proceedings that took place on March 16, 1988, were not transcribed, there is no dispute that on that date the court granted a codefendant's motion pursuant to CPL 190.50 to dismiss the indictment and the matter was adjourned until April 20, 1988. The People ultimately re-presented the charges against all four defendants and obtained a new indictment.

The adjournment from March 16, 1988, to April 20, 1988, was properly charged to the People since no proof was offered at the hearing that the People had been ready to proceed against the defendant on March 16, 1988, under the original indictment. It is the People's burden to ensure that the record of the proceedings is sufficiently clear to enable the court to make an informed decision on a speedy trial motion (*see, People v Cortes*, 80 NY2d 201, 215-216). The People failed to establish their contention that this period of delay was not chargeable to them pursuant to CPL 30.30 (4) (a).

The record supports the Supreme Court's determination that the adjournment from May 6, 1988, to May 20, 1988, was due to the People's failure to use due diligence to secure the defendant's presence in court (*see, People v Anderson*, 66 NY2d 529; *People v Knight*, 163 AD2d 583; CPL 30.30 [4] [e]).

Similarly, the adjournment from September 23, 1988, to October 7, 1988, was properly charged to the People. Despite the absence of a transcript of the proceedings that took place on September 23, 1988, there is no dispute that the People failed to produce the defendant in court on that day. At the hearing, the People failed to establish their contention that this postreadiness delay was not chargeable to them because, even if the defendant had been produced, a pending motion by a codefendant prevented them from proceeding to trial (*see, People v Cortes, supra; People v Anderson, supra; cf., People v Knight, supra*).

Jury selection was to commence on May 11, 1989. The transcript of the proceedings that took place on that date establishes that an adjournment until May 30, 1989 was granted at the People's request because the People were not ready for trial. The unavailability of a prosecution witness may justify a delay provided that the People show that they attempted with due diligence to make the witness available (*see,* CPL 30.30 [3] [b]; [4] [g] [i]; *People v Zirpola*, 57 NY2d 706). No such showing was made in this case. The People's contention that they should not have been charged with this entire delay is without merit (*see, People v Smith*, 82 NY2d 676).

Finally, the People do not dispute that the matter was adjourned from November 13, 1989, until November 16, 1989, at their request. There is no transcript of the proceedings on November 13, 1989, and the People failed to present evidence at the hearing to support their contention that a pending motion by the defendant prevented them from proceeding to trial (*see, People v Cortes*, 80 NY2d 201, *supra; People v Anderson*, 66 NY2d 529, *supra*).

The defendant's pleas of guilty under Indictment Nos. 10658/89, 11169/89, and 3139/89 must be vacated since they were induced by an agreement that the sentences imposed thereunder would run concurrently with the sentence imposed for the defendant's conviction under Indictment No. 10065/88, which we now reverse (*see, People v Fuggazzatto*, 62 NY2d 862; *People v Lucas*, 209 AD2d 546). O'Brien, J. P., Copertino, Hart and Friedmann, JJ., concur.