■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRUZ, Appellant. [872 NYS2d 519]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered November 22, 2005, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of weapon in the third degree, and tampering with physical evidence (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

There was probable cause to arrest the defendant (*see* CPL 70.10 [2]; *People v Tocci*, 52 AD3d 541, 541-542 [2008]). Furthermore, the credibility determinations of the hearing court, which had the advantage of hearing and seeing the witnesses, are to be accorded great weight on appeal (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Stafford*, 39 AD3d 774, 775-776 [2007]). Here, there is no basis to disturb the hearing court's determination that the defendant was not interrogated until after he knowingly waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). Accordingly, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials was properly denied.

Contrary to the defendant's contention, the conduct of the prosecutor and the trial court relating to the use of a signed statement by a witness did not violate CPL 60.35 (3).

The defendant contends that the Supreme Court erred in permitting certain expert witness testimony. The expert opined that, in a surveillance videotape recorded at the site immediately following the subject incident, a blurry area by the defendant's hand did not appear to be a shadow or electronic interference, but rather appeared to be an object the defendant was holding in his right hand. Any error in permitting that expert testimony was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the defendant would have been acquitted absent this testimony (*see generally People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

The defendant failed to establish that he was denied the right to be present at a material stage of the proceeding (*see* CPL 260.20; *People v Velasco,* 77 NY2d 469, 473 [1991]; *People v Bryan,* 46 AD3d 1219, 1220 [2007]).

The defendant's claim that he was denied his right to the effective assistance of counsel rests on matters partially dehors the record, and to that extent, it may not be reviewed on direct appeal (*see People v Drago,* 50 AD3d 920 [2008]; *People v Gonzalez,* 44 AD3d 871 [2007]). Insofar as the claim rests on matters in the record, the defendant received the effective assistance of counsel (*see People v Baldi,* 54 NY2d 137 [1981]; *People v Drago,* 50 AD3d 920 [2008]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur.