■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRUZ, Appellant. [16 NYS3d 584]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Lasak, J.), dated February 24, 2011, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court

rendered November 22, 2005, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and tampering with physical evidence (two counts), upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The Supreme Court did not err in denying, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, made on the ground that he was denied the effective assistance of trial counsel. As the Supreme Court properly found, the defendant failed to submit sworn allegations substantiating or tending to substantiate all the essential facts relevant to the motion (see CPL 440.30 [4] [b]). Considering all of the material submitted on the defendant's CPL 440.10 motion, the moving papers failed to demonstrate that he was denied the effective assistance of trial counsel. The defendant argues that his trial counsel failed to provide effective representation, in that counsel failed to procure certain New York State Division of Parole (hereinafter the Division of Parole) documents and related testimony prior to the pretrial *Dunaway* hearing (see *Dunaway v New York*, 442 US 200 [1979]). The defendant contends that such evidence would have shown that he was improperly arrested by the Division of Parole for a parole violation, absent a parole-violation warrant. Executive Law § 259-i (3) (a) (i) generally requires the issuance of a parole-violation warrant for the arrest of a parolee for a violation of parole. However, a violation of that statute does not require the suppression of evidence obtained pursuant to the arrest (see *People v Dyla*, 142 AD2d 423, 433, 439 [1988]; see also *People v Lynch*, 60 AD3d 1479, 1480 [2009]; *People v Lopez*, 288 AD2d 70, 71 [2001]). Hence, any evidence of the lack of a parole-violation warrant for the defendant's arrest would not have resulted in suppression of the defendant's statements to law enforcement officials. Accordingly, it cannot be said that trial counsel was ineffective for failing to procure evidence in support of this point at the hearing, nor that the decisions of counsel in this regard lacked a legitimate and strategic basis (see *People v Cromwell*, 99 AD3d 1017 [2012]; see also *People v Schultz*, 128 AD3d 989 [2015]; *People v Crespo*, 117 AD3d 1538, 1539 [2014]).

The defendant also argues, in his pro se supplemental brief, that the subject Division of Parole documents and related evidence would have shown that he was taken into custody by the Division of Parole as a mere pretext for questioning by the police. The defendant essentially asserts that the police lacked

probable cause to arrest him as a suspect for the subject crimes, and that he was improperly detained by the Division of Parole as a means of allowing the police to question him. However, the defendant does not dispute that the Division of Parole had probable cause to arrest him, based on his violation of conditions of his parole. Indeed, it is undisputed that the defendant was subsequently found to have violated parole, following a Division of Parole hearing. Moreover, the record of the *Dunaway* hearing shows that the defendant was taken into custody by parole and police officers, in a joint operation. On the defendant's direct appeal from the judgment of conviction, this Court determined that the police had probable cause to arrest the defendant as a suspect in the subject crimes (*People v Cruz*, 59 AD3d 457 [2009]). The defendant may not properly challenge that finding in a motion pursuant to CPL 440.10 (*see* CPL 440.10 [2] [a]). In light of the fact that there was probable cause for the defendant's arrest by the police, which was made contemporaneously with his detention by the Division of Parole, any evidence of a pretextual motive by the Division of Parole would not render the arrest unlawful nor furnish grounds for suppression of the defendant's statement to law enforcement officials (*see generally People v Wallace*, 128 AD3d 866 [2015]; *People v Cotsifas*, 100 AD3d 1015 [2012]). Therefore, contrary to the defendant's contentions, it cannot be said that the defendant was denied the effective assistance of counsel, based on either his trial counsel's failure to use Division of Parole documents and related evidence to argue that his arrest was a mere pretext for police action, or counsel's failure to move during the trial to reopen the *Dunaway* hearing (*see People v Cromwell*, 99 AD3d at 1017; *see also People v Schultz*, 128 AD3d 989 [2015]; *People v Crespo*, 117 AD3d at 1539).

In his pro se supplemental brief, the defendant further contends that his trial counsel was ineffective in failing to obtain documents relating to the timing and validity of his *Miranda* waiver (*see Miranda v Arizona*, 384 US 436 [1966]). This contention is not properly before this Court, as it was not raised in the defendant's CPL 440.10 motion (*see People v Lucas*, 209 AD2d 546, 547 [1994]; *People v Gayle*, 168 AD2d 201, 202-203 [1990]).

The defendant's remaining contentions are without merit. Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.