■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NICHOLAS CLARK, Respondent. [55 NYS3d 455]—

Appeal by the People from an order of the County Court, Rockland County (Thorsen, J.), dated October 14, 2015, which, after a hearing, granted that branch of the defendant's omnibus motion which was to dismiss counts one and five of the indictment on statutory speedy trial grounds pursuant to CPL 30.30.

Ordered that the order is affirmed.

On March 6, 2014, the defendant was charged in a misdemeanor information with two misdemeanors and a violation. The defendant was later indicted on seven counts, and the matter was transferred from the Justice Court of the Town of Clarkstown to the County Court, Rockland County. Counts one and five, charging the defendant with strangulation in the second degree and endangering the welfare of a child, respectively, related to an incident on March 6, 2014. The other five counts related to an incident on July 4, 2014.

In an omnibus motion, the defendant moved, inter alia, to dismiss counts one and five of the indictment on the ground that the People had violated his right to a speedy trial pursuant to CPL 30.30. After a hearing, the County Court granted that branch of the defendant's motion, and dismissed counts one and five of the indictment, holding that the People failed to present any evidence that they were ready for trial within the statutory period. The People appeal.

"In felony cases, the People are required to be ready for trial within six months after the commencement of the criminal action. A defendant seeking dismissal of the indictment on speedy trial grounds under CPL 30.30 meets his or her initial burden on the motion simply by alleging that the People failed to declare readiness within the statutorily prescribed period" (*People v Allard*, 113 AD3d 624, 625 [2014] [citations omitted]). The burden then shifts to the People to show that they declared themselves ready for trial within the prescribed period (*see People v Kendzia*, 64 NY2d 331, 337 [1985]).

Proof that the People have declared themselves ready for trial "requires either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record" (*id.* at 337). "It is the People's burden to ensure that the record of the proceedings is sufficiently clear to enable the court to make an informed decision on a speedy trial motion" (*People v Robbins*, 223 AD2d 735, 737 [1996]; *see People v Collins*, 82 NY2d 177, 182 [1993]).

Here, the County Court properly found that the People failed to submit any evidence to meet their burden of establishing that they had declared themselves ready for trial within the prescribed period. Accordingly, the court properly granted that branch of the defendant's omnibus motion which was to dismiss counts one and five of the indictment.

The People's remaining contentions are academic. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.

---

Motion by the appellant for the Court to take judicial notice of a transcript of proceedings on January 13, 2015, in the above-entitled action, on an appeal from an order of the County Court, Rockland County, dated October 14, 2015. By decision and order on motion of this Court dated March 11, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeal, it is

Ordered that the motion is denied.